**Brian POLLARD, as representative of the Estate of the deceased, Yvonne Pollard, SS# 324–36–3502, Plaintiff,**

v.

**Louis SULLIVAN, Secretary of the Department of Health and Human Services, Defendant.**

No. 92 C 2291.

United States District Court, N.D. Illinois, E.D.

Dec. 18, 1992.

**130**

Henry G. Rose, Theresa Christine Ceko, Chicago, IL, for plaintiff.

Linda A. Wawzenski, U.S. Attorney's Office, Chicago, IL, for defendant.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

On October 26, 1992, this court questioned the government's emphasis on standing and jurisdictional issues and suggested that all might profit by attention to the underlying merits of the claim. Plaintiff's supplemental brief has done so; defendant's response does so after a fashion, but the emphasis continues to be upon standing and jurisdictional issues. The dispute here, however, is whether or not Congress can constitutionally limit the distribution of benefits when the person entitled to them dies before the determination of entitlement. That issue is substantive and the representative of the estate would appear to be the appropriate person to raise it. That the claim may not have merit is irrelevant to the concept of standing. *See Flast v. Cohen*, 392 U.S. 83, 99–101, 88 S.Ct. 1942, 1952–1953, 20 L.Ed.2d 947 (1968). That the claim may not have merit also does not defeat jurisdiction. Plaintiff rests upon a constitutional claim, and that is enough. *Bell v. Hood*, 327 U.S. 678, 681–682, 66 S.Ct. 773, 775–776, 90 L.Ed. 939 (1946).

Having said that, however, we go on to grant the defendant's motion to dismiss. Plaintiff contends that his mother had a protected property right in her Supplemental Security Income (SSI) benefits, which is true enough. He defines that property right as a right to recover whatever benefits to which she was entitled, while living, whether or not she survived. He analogizes to *Hodel v. Irving*, 481 U.S. 704, 107 S.Ct. 2076, 95 L.Ed.2d 668 (1987). But in *Hodel* the Indian owners of certain real estate property interests could pass their interests to heirs by descent or devise, and that right was taken away without compensation. Here the rights are more limited and nothing has been taken away. Plaintiff's decedent was not entitled to benefits unless she survived through the time when the benefit determination was concluded. 42 U.S.C. § 1381 never gave her estate any property rights for it to lose, or for the government to take.

But that is an irrational system, says plaintiff, particularly since had the claimant been entitled to benefits under § 401, *et seq.* (the Social Security Disability Insurance pro-

gram), rather than § 1381, *et seq.* (the SSI program), her benefits would have passed through to surviving spouse, child or children, parent or parents, or estate, in a descending order of priority. The SSI restrictions, plaintiff contends, are discriminatory and violate the equal protection of the laws.

We disagree. The Social Security Disability Insurance program pays benefits to disabled recipients who have established eligibility by payment to the program over a qualifying period. It is not irrational to conclude that a deceased claimant should be granted, in those circumstances, some consideration in the ultimate dispersal of delayed benefits. That rationale does not apply to SSI benefits, which are paid from the general revenues on a need basis. That Congress should conclude, with respect to SSI benefits, that a surviving spouse living with the deceased should be given some consideration because of the likelihood that he or she helped out during the delay, does not provide any reason why Congress must provide that those benefits be paid to children, creditors or whomever the deceased claimant wished to remember in a will.